UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAYLA RANI BHADRA,<br><br>　　　Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, MIKE SHANNON INSURANCE AGENCY, INC., DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>　　　Defendants. | Case No. 2:10-cv-00089-KJD-RJJ<br><br>**ORDER** |

Before the Court is Defendant Mike Shannon Insurance Agency, Inc.'s ("Shannon") Motion to Dismiss (#6). Plaintiff filed a Response in Opposition (#10), to which Defendant Shannon filed a Reply (#12). Additionally before the Court is Plaintiff's Motion to Remand (#4). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a Response in Opposition (#9), to which Plaintiff filed a Reply (#11). The parties dispute if Defendant Shannon has been properly joined in the present action.

**I.  Background**

On May 25, 2007, Plaintiff was in a car accident and sustained serious injuries. The cost of the health care necessary for recovery is estimated by Plaintiff to be in excess of $500,000.00.

1    During May 2007, State Farm insured Plaintiff through a policy sold by Shannon.[1]  Within the State
2    Farm automotive policy sold by Defendant Shannon to Plaintiff, was a $25,000 policy to protect
3    Plaintiff from uninsured/underinsured drivers.  Plaintiff's Complaint arises from State Farm's alleged
4    failure to pay Plaintiff's claim under the uninsured/underinsured driver's policy.
5           Plaintiff filed suit in the Eighth Judicial District Court of Nevada on December 15, 2009,
6    against State Farm, an Illinois corporation with its principal place of business in Illinois, and
7    Shannon, a Nevada corporation.  The Complaint alleges that Defendants each breached the
8    respective insurance contract with Plaintiff, including breach of the implied covenant of good faith
9    and fair dealing associated with the contract.  Additionally, Plaintiff alleges four causes of action
10   against State Farm for intentional infliction of emotional distress, insurance bad faith, declaratory
11   relief, and unjust enrichment.
12          Defendant State Farm removed the case to federal court pursuant to 28 U.S.C. §§ 1332,
13   1441(b), and 2201 on January 21, 2001.  (See #1).  State Farm asserts that Defendant Shannon was
14   fraudulently joined by Plaintiff, and that the present dispute is a contract claim between Defendant
15   State Farm and Plaintiff to which Defendant Shannon is not a party.  As stated above, Defendant
16   Shannon filed a Motion to Dismiss (#6) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a
17   claim upon which relief may be granted.
18          Plaintiff's Motion to Remand (#4) is brought pursuant to 28 U.S.C. § 1447(c) claiming there
19   is no diversity jurisdiction between the parties because Defendant Shannon is a Nevada Corporation
20   that is properly joined.  Plaintiff alleges that each Defendant violated a duty to Plaintiff by breaching
21   the insurance contract and associated implied covenant of good faith and fair dealing.
22   **II. Standard of Law for Motion to Dismiss**
23          Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure
24   to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short

---

[1] Defendant State Farm's Response to Plaintiff's Motion to Remand indicates that Plaintiff erroneously named Defendant State Farm as State Farm Fire and Casualty Company in the original Complaint.

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

The Court first examines the appropriate standard to determine fraudulent joinder within this jurisdiction and analyzes Plaintiff's claims against Defendant Shannon to determine if joinder is proper.

    **A.  Standard for Fraudulent Joinder**

The Ninth Circuit has stated that "[i]f the plaintiff fails to state a cause of action against a

1  resident defendant, and the failure is obvious according to the settled rules of the state, the
2  joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336,
3  1339 (9th Cir. 1987). Additionally, "[t]he defendant seeking removal to the federal
4  court is entitled to present the facts showing the joinder to be fraudulent." Id. (citing Smith v.
5  Southern Pacific Co., 187 F.2d 397 (9th Cir. 1951). Accordingly, the Court examines the validity of
6  Plaintiff's claims of breach of contract and breach of implied covenant of good faith and fair dealing
7  against Defendant Shannon. If neither claim can withstand Defendant Shannon's Motion to Dismiss,
8  then the joinder is fraudulent.[2]

**B. Breach of Contract**

The Nevada Supreme Court has stated that "[a]s a general rule, none is liable upon a contract except those who are parties to it." County of Clark v. Bonanza No. 1, 615 P.2d 939, 943 (Nev. 1980). Furthermore, the United States Supreme Court commented recently that "[i]t goes without saying that a contract cannot bind a nonparty." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 294 (2002). "The question of the interpretation of a contract when the facts are not in dispute is a question of law," to be decided by the court. Shelton v. Shelton, 78 P.3d 507, 510 (D. Nev. 2003). In interpreting a contract, the Court must determine whether the parties' agreement is ambiguous. Red Rock Communications, Inc. v. American Telecasting, Inc., 2006 WL 254195 (D. Nev. 2006). The express language of a contract is considered ambiguous "if it is reasonably susceptible to more than one interpretation." Shelton, 78 P.3d at 510.

The insurance contract at issue in this case is not ambiguous. Plaintiff claims that the term "agent" in the policy implies that Defendant Shannon is a party to the contract. Specifically, Plaintiff avers that the contract's integration clause and notice provision which reference State Farm "or any

---

[2]Fraudulent joinder is a "term of art" which does not "impugn the integrity" of the Plaintiff. Mercado v. Allstate Ins. Co., 349 F.3d 824, 826 (9th Cir. 2003); Lewis v. Time Inc., 83 FRD 455, 460 (E.D. Cal. 1979) aff'd by 710 F.2d 549 (9th Cir. 1983).

4

of its agents" make Shannon a party to the contract.³  The Court does not agree.  The policy's integration clause states: "You [the insured] agree, by acceptance of this policy that . . . this policy contains all of the agreements between you and us or any of our agents."  (Plt.'s Resp. Ex 3.)  This integration clause operates to supercede any prior agreements between the insured, State Farm, and/or its agent, and does not bind nor make Shannon a party to the contract.  Likewise, the policy's notice provision which requires the insured to give State Farm "or one of our agents" written notice of the accident or loss as soon as reasonably possible, does not make Shannon a party to the contract.  (Id.)

Additionally, the Complaint alleges that Shannon knew, or should have known that if Plaintiff was involved in an accident and reported the claim to State Farm, that Plaintiff would reasonably expect Shannon to promptly notify State Farm to open a claim, and then to continue to "stay involved" in the handling of her claim until State Farm conducted a full and timely investigation and tendered Plaintiff's policy limits in a timely manner.  (Compl. ¶¶ 6, 40, 43.)   The Court does not agree.  Shannon's averred actions relate to his position as an agent of State Farm.  If Shannon's actions were within the scope of his agency, and violated the contract, Plaintiff's recourse would be to bring a claim against State Farm as Shannon's principal.  See Vargas v. California State Auto. Ass'n Inter-Insurance Bureau, 788 F. Supp. 462, 464 (D. Nev. 1992).  Plaintiff makes no allegation that Shannon acted outside of the scope of his authority as an agent of State Farm, other than to imply that State Farm has taken that position.  (See Plt.'s Resp. at 17.)   To date however, Defendant State Farm has done nothing to advocate said position.

Under Nevada law, an insurance agent that undertakes to procure an insurance policy for another owes an obligation to its client to use reasonable diligence in attempting to place the insurance, and to reasonably notify the client if he is unable to do so.  Lucini-Parish Ins. v. Buck, 836 P.2d 627, 629 (Nev. 1992).  Here, Plaintiff's Complaint arises from the nature and extent of State

---

³ Though on a Rule 12(b)(6) motion the Court is generally limited to the Complaint's contents, here, the Court may consider the insurance policy because as it is "integral to the plaintiff's claims and its authenticity is undisputed." See e.g., Fields v. Legacy Health System, 413 F.3d 943, 958 n.13 (9th Cir. 2005); Arnell v. Mayflower Transit, Inc., 968 F. Supp. 521 (D.Nev. 1997).

5

Farm's investigation and evaluation of her underinsured motorist claim, and has nothing to do with Shannon's procurement of Plaintiff's policy with State Farm.

Noticeably absent from any of Plaintiff's arguments is any demonstration that Defendant Shannon had or has a contractual relationship with Plaintiff. The contract in question concerns the uninsured/underinsured motorist coverage between Plaintiff and Defendant State Farm. Because Defendant Shannon is not a party to the contract from which this issue arises, under Nevada law, Defendant Shannon could not have breached the contract. Therefore, Plaintiff's breach of contract claim against Defendant Shannon fails.

### C. Implied Covenant

To breach the implied covenant of good faith and fair dealing, Defendant must be operating in bad faith. "Liability for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship." United Fire Ins. Co. v. McClelland, 780 P.2d 193, 197 (Nev. 1989). Without the contractual relationship between the parties, no recovery is permitted from breach of the covenant of good faith and fair dealing. Id. This Court has previously found that "[i]t is antithetical to the concept of the bad faith cause of action to assert that someone who is not a party to the contract may be liable for violating one of the contract's implied covenants." Vargas v. California State Auto. Ass'n Inter-Insurance Bureau, 788 F.Supp. at 465.

The implied covenant claim, like the breach of contract claim, requires that the parties involved be contractually obligated to one another for a possible breach to occur. Without proof of a contractual relationship between Defendant Shannon and Plaintiff, the breach of the covenant of good faith and fair dealing is not viable.

### D. Remedy for Fraudulent Joinder

Plaintiff has failed to state a valid claim against Defendant Shannon because each of Plaintiff's claims necessitated a contractual relationship between Plaintiff and Defendant Shannon that is and was nonexistant. This Court has previously stated:

> Where joinder of a given defendant destroys the removability of a case, and where there is no reasonable basis for predicting that the state court might impose liability on the defendant, the federal court may properly dismiss such defendant and maintain jurisdiction over the case. The most common example of the application of this doctrine is in cases in which a federal court would have subject matter jurisdiction on the basis of diversity of citizenship if not for the joinder of a given defendant; in such cases the federal court will dismiss the case as against that defendant and allow removal if it finds that there is no basis for the cause of action.

Stephans v. State of Nev., 685 F.Supp. 217, 220 (D. Nev. 1988) (internal citation omitted). Here, the Court finds no basis for Plaintiff's contract-based claims against Defendant Shannon. Accordingly, Plaintiff's claims against Defendant Shannon are dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and the Court retains jurisdiction of the remaining claims.

## IV.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#4) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Mike Shannon Insurance Agency, Inc.'s Motion to Dismiss (#6) is **GRANTED**.

DATED this 1st day of June 2010.

_____
Kent J. Dawson
United States District Judge